**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

RONALD W. HOWLAND, JR. and
MARILEE R. HOWLAND,

Debtors.

Case No.: 3:17-bk-03067-PMG

Chapter 7

---

AARON R. COHEN,
Chapter 7 Trustee,

Plaintiff,

v.

JAIME BALL, BATTERY AT PORT ROYAL HOMEOWNERS ASSOCIATION, LLC, AND BEAUFORT COUNTY TAX ASSESSOR,

Defendants.

Adversary Proceeding No.:

---

**COMPLAINT**

Plaintiff, Aaron R. Cohen, as Chapter 7 Trustee (the “Trustee”) of the bankruptcy estate of Ronald W. Howland, Jr. and Marilee R. Howland (the “Debtors”), by and through his undersigned counsel, sues defendants Jaime Ball ("Ball"), Battery at Port Royal Homeowners Association, LLC (the "HOA"), and the Beaufort County Tax Assessor (the "Tax Assessor") for a judgment (i) authorizing the Trustee to sell certain real property co-owned by the Debtor-husband and Ball, pursuant to 11 U.S.C. § 363(h); (ii) declaring that the HOA has no title interest in the Real Property (as defined below) and determining the amounts owed to the HOA; and (iii) declaring that the Tax Assessor has no title interest in the Real Property (as defined below) and determining the amounts owed to the Tax Assessor. In support, the Trustee states the following:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (N).

## II. FACTUAL BACKGROUND

4. On August 22, 2017 (the "Petition Date"), the Debtors filed a voluntary petition for relief (the "Petition") under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") in the case styled as *In re Ronald W. Howland, Jr. and Marilee R. Howland,* Case No. 3:17-bk-03067-PMG (the "Bankruptcy Case").

5. The Trustee was appointed Chapter 7 Trustee in the Bankruptcy Case.

6. On Schedule A, the Debtors listed an ownership interest in real property located at 13 Battery Lane, Beaufort, South Carolina more particularly described as

> ALL that certain piece, parcel or lot of real property, situate, lying and being in the Town of Port Royal, Beaufort County, South Carolina, designated as Lot 13 of The Battery with all improvements thereon, more specifically described on a plat prepared by R. D. Trogdon, Jr., R.L.S., dated June 17, 1985.
>
> ALSO, a perpetual and non-defeasible right of ingress and egress to and from U.S. Highway 281 over the existing roadway known as Battery Lane.

(the "Real Property"). The Debtor-husband owns a 50% interest in the Real Property together with Ball, who owns a 50% interest. The Deed transferring title to the Real Property to the Debtor-husband and Ball is attached hereto and incorporated herein as **Exhibit A**.

7. The Debtors did not claim any exemptions in the Real Property on Schedule C.

8. The Real Property is not encumbered by a mortgage.

9. As of November 16, 2017, the HOA was owed $14,278.56 for past dues and other expenses (the "HOA Debt") with respect to the Real Property, which continues to accrue at a rate of $190 per month.

10. The HOA has no title interest in the Real Property.

11. As of the filing of this Complaint, the Tax Assessor is owed $4,651.65 in past due rental personal property taxes and real estate taxes (the "Tax Debt") with respect to the Real Property, which continues to accrue interest at the statutory rate.

12. The Tax Assessor has no title interest in the Real Property.

13. The Real Property has a value of approximately $50,000 according to the Beaufort County Property Appraiser.

14. The Real Property does not constitute homestead property.

15. The Trustee has retained the undersigned attorneys and is obligated to pay them a reasonable fee for their services.

16. The Trustee has performed all conditions precedent to the bringing of this action.

**COUNT I**
**ACTION TO SELL PROPERTY PURSUANT TO 11 U.S.C. § 363(h)**

17. This is an action to sell the Property free and clear of Ball's interest in the Real Property pursuant to 11 U.S.C. § 363(h).

18. The allegations contained in Paragraphs 1 through 16 are realleged and incorporated by reference herein.

19. The Debtors did not claim any exemptions in the Real Property.

20. The Trustee, on behalf of the bankruptcy estate, is the fee simple owner of a one-half interest in the Real Property.

21. The sale of the bankruptcy estate's interest as a one-half owner of the Real Property would realize significantly less for the estate than the sale of the Real Property free and clear of the interest of Ball.

22. Any partition in kind of the Real Property between the bankruptcy estate and Ball is impracticable.

23. The benefit to the estate from the sale of the Real Property free and clear of the interest outweighs the detriment, if any, to Ball.

24. The Real Property is not being used in the production, transmission or distribution of electrical energy or of natural synthetic gas for heat.

25. By virtue of the foregoing, the Trustee should be authorized to sell the Real Property free and clear of the interests of Ball pursuant to 11 U.S.C. § 363(h).

WHEREFORE, the Chapter 7 Trustee, Aaron R. Cohen, respectfully requests that the Court enter a judgment: (i) authorizing the sale of the Real Property free and clear of the interest of Defendant pursuant to 11 U.S.C. § 363(h); (ii) authorizing the Trustee to pay one-half of the proceeds of such sale to Defendant, Jaime Ball, after the payment of all costs and expenses in accomplishing such sale, including realtor fees, association fees, taxes and any compensation of the Trustee and his attorneys' fees and costs in this action and selling the Real Property, and (iii) for such other and further relief as is just and proper.

## COUNT II
## ACTION FOR DECLARATORY JUDGMENT AS TO HOA

26. This is an an action for a declaratory judgment.

27. The allegations contained in Paragraphs 1 through 16 are realleged and incorporated by reference herein.

28. The facts and circumstances of this case warrant a finding that the HOA is and was owed the HOA Debt as of November 16, 2017, plus thereafter accruing interest, with respect to the Real Property.

29. The facts and circumstances of this case warrant a finding that the HOA has no title interest in the Real Property.

30. The HOA Debt should be paid at a closing of any sale of the Real Property.

31. An actual controversy exists and there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment concerning the amounts owed to the HOA with respect to the Real Property.

32. An actual controversy exists and there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that the HOA does not have a title interest in the Real Property.

33. This controversy is sufficiently immediate and real as the parties' dispute is ripe, not hypothetical and has not been rendered moot, or because the Court's resolution of the matter would not be purely academic.

34. Declaratory relief would serve a useful purpose in clarifying and settling the legal relations at issue, and terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to this proceeding.

35. The HOA may assert an interest in this declaration of rights sought by the Trustee as the HOA is owed the HOA Debt with respect to the Real Property.

WHEREFORE, Plaintiff, Aaron R. Cohen, as Chapter 7 Trustee, respectfully requests the Court enter a final judgment in his favor and against Defendants, Battery at Port Royal

Homeowners Association, LLC, (i) declaring the HOA has no title interest in the Real Property, (ii) the HOA is owed $14,278.65 as of November 16, 2017, plus thereafter accruing interest; (iii) requiring the HOA Debt be paid at the closing of any sale of the Real Property; and (iv) granting such other and further relief as the Court deems just and proper.

## COUNT III
## ACTION FOR DECLARATORY JUDGMENT AS TO TAX ASSESSOR

36. This is an action for a declaratory judgment.

37. The allegations contained in Paragraphs 1 through 16 are realleged and incorporated by reference herein.

38. The facts and circumstances of this case warrant a finding that the Tax Assessor is and was owed the Tax Debt as of the date of this Complaint, plus thereafter accruing interest, with respect to the Real Property.

39. The facts and circumstances of this case warrant a finding that the Tax Assessor has no title interest in the Real Property.

40. The Tax Debt should be paid at a closing of any sale of the Real Property.

41. An actual controversy exists and there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment concerning the amounts owed to the Tax Assessor with respect to the Real Property.

42. An actual controversy exists and there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that the Tax Assessor does not have a title interest in the Real Property.

43. This controversy is sufficiently immediate and real as the parties' dispute is ripe, not hypothetical and has not been rendered moot, or because the Court's resolution of the matter would not be purely academic.

44. Declaratory relief would serve a useful purpose in clarifying and settling the legal relations at issue, and terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to this proceeding.

45. The Tax Assessor may assert an interest in this declaration of rights sought by the Trustee as the Tax Assessor is owed the Tax Debt with respect to the Real Property.

WHEREFORE, Plaintiff, Aaron R. Cohen, as Chapter 7 Trustee, respectfully requests the Court enter a final judgment in his favor and against Defendant, Beaufort County Tax Assessor, (i) declaring the Tax Assessor has no title interest in the Real Property, (ii) the Tax Assessor is owed $4,651.65 as of the date of this Complaint, plus thereafter accruing interest; (iii) requiring the Tax Debt be paid at the closing of any sale of the Real Property; and (iv) granting such other and further relief as the Court deems just and proper.

Dated: December 7, 2017

AKERMAN LLP

By: */s/ Jacob A. Brown*

Jacob A. Brown
Florida Bar No.: 0170038
Email: jacob.brown@akerman.com
Katherine C. Fackler
Florida Bar No.: 068549
Email: katherine.fackler@akerman.com
50 North Laura Street, Suite 3100
Jacksonville, FL 32202
Telephone: (904) 798-3700
Facsimile: (904) 798-3730

Attorneys for Plaintiff, Aaron R. Cohen, as Chapter 7 Trustee

STATE OF SOUTH CAROLINA )
) TITLE TO REAL ESTATE
COUNTY OF BEAUFORT )

KNOW ALL MEN BY THESE PRESENTS, that Battery Creek Associates, Inc., a South Carolina Corporation, in the State aforesaid, for and in consideration of the sum of SIXTY SIX THOUSAND TWO HUNDRED FIFTY AND NO/100($66,250.00) DOLLARS to it paid by RONALD W. HOWLAND, JR. AND JAIME BALL, Lot 13, The Battery, Battery Lane, Port Royal, South Carolina, 29935 in the State aforesaid, has granted, bargained, sold and released, and by these presents, does grant, bargain, sell and release unto the said RONALD W. HOWLAND, JR. AND JAIME BALL, their Heirs and Assigns, the following described real property, to-wit:

ALL that certain piece, parcel or lot of real property, situate, lying and being in the Town of Port Royal, Beaufort County, South Carolina, designated as Lot 13, of The Battery with all improvements thereon, more specificially described on a plat prepared by R. D. Trogdon, Jr., R.L.S., dated June 17, 1985 a copy of which is attached hereto and made a part hereof. For a more detailed description as to the courses, metes and bounds of the lot herein described, reference may be had to said plat.

ALSO, a perpetual and non-defeasible right of ingress and egress to and from U.S. Highway 281 over the existing roadway known as Battery Lane.

This is a portion of the real property acquired by the Grantor by Deed from INTERSTATE LAND COMPANY, a Partnership, dated April 23, 1984, and recorded in the Office of the Clerk of Court for Beaufort County in Deed Book 394 at Page 407.

This conveyance is made by the Grantor and accepted by the Grantee, subject to the Declarations of Covenants and Restrictions for The Battery, dated December 4, 1984, and recorded in the Office of the Clerk of Court for Beaufort County, South Carolina in Deed-C Book 408 at Page 1744.

The within instrument was prepared in the law office of Barnes, Davis & Tupper, P.A., Attorneys at Law, 500 Carteret Street, Beaufort, South Carolina, 29902.

STATE OF SOUTH CAROLINA SOUTH CAROLINA TAX COMMISSION DOCUMENTARY STAMP TAX SEP-5'85 PB.11222 133.00

BEAUFORT COUNTY TAX MAP REFERENCE

| Dist | Map | Submap | Parcel | Block |
|---|---|---|---|---|
| 100 | 24 | | 14A | 13 |

FILED IN DEED BOOK 429 PAGE 248
FILED AT 16:32:00 ON 09/05/85

Exhibit A


FILED IN DEED BOOK 429 PAGE 249
FILED AT 16:32:00 ON 09/05/85
S 0° 15' E
84.80'
N 89° 45' E
S 0° 15' E
12'
18.17'
18.17'
30.08'
BLDG. 9
14
13
12
11
N 89° 45' E 55'
S 89° 45' W 61'
30.08'
18.17'
18.17'
30.08'
N 0° 15' W
96.50'
11.41'
N 0° 15' 09" W
241.37'
S.W. CORNER OF LANDS CONVEYED BY INTERSTATE LAND CO., A PARTNERSHIP, TO BATTERY CREEK ASSOCIATES, INC. BY DEED RECORDED MAY 8, 1984 IN BOOK 394 AT PAGE 807.
S. C. HIGHWAY
No. 281
PLAT PREPARED FOR
BATTERY CREEK ASSOCIATES, INC.
TOWN OF PORT ROYAL
BEAUFORT COUNTY
SOUTH CAROLINA
JUNE 17, 1985
SCALE: 1"=30'
R. D. TROGDON, JR.
R.L.S. No. 2712

**Exhibit A**

TOGETHER with all and singular, the Rights, Members, Hereditaments and Appurtenances to the said premises belonging or in any wise incident or appertaining.

TO HAVE AND TO HOLD all singular the premises before mentioned unto RONALD W. HOWLAND, JR. AND JAIME BALL forever.

AND Battery Creek Associaties, Inc., a South Carolina Corporation, does bind itself and its Successors and Assigns, to warrant and forever defend all and singular, the said premises unto the said RONALD W. HOWLAND, JR. AND JAIME BALL, against it and its Successors and Assigns, and against any person whomsoever lawfully claiming, or to claim the same, or any part thereof.

IN WITNESS WHEREOF, Battery Creek Associates, Inc., a South Carolina Corporation, has caused this Deed to be executed by its President and Vice President, this 30th day of August, in the year of our Lord one thousand nine hundred and eighty-five and in the two hundred ninth year of the Sovereignty and Independence of the United States of America.

SIGNED, SEALED AND DELIVERED IN THE PRESENCE OF:

Molly Brittman

Theresa A. Gould

BATTERY CREEK ASSOCIATES, INC. A SOUTH CAROLINA CORPORATION

BY: Stephen B. Corboy

BY: Felix O. Stoeckli by: Stephen B. Corboy Power of attorney

STATE OF SOUTH CAROLINA )
COUNTY OF BEAUFORT ) PROBATE

PERSONALLY appeared before me, Molly Brittman, and made oath that s/he saw the within named BATTERY CREEK ASSOCIATES, INC., A SOUTH CAROLINA CORPORATION, by Stephen B. Corboy and Felix O. Stoeckli by Stephen B. Corboy, POA sign, seal, and as its act and deed, deliver the within written Deed for the uses and purposes therein mentioned, and that s/he with Theresa A. Gould, witnessed the execution thereof.

SWORN TO before me this 30th day of Aug, 1985.

Molly Brittman

Theresa A. Gould
Notary Public for South Carolina
My Commission Expires: 7/30/95

Barnes, Davis & Tapper
FILED IN DEED BOOK 429 PAGE 250
FILED AT 16:32:00 ON 09/05/85 82217
BOOK NUMBER 429 PAGES 248- 250
FILING FEE 4.00
STATE STAMPS 133.00
COUNTY STAMPS 73.15
TOTAL FEES 210.15
HENRY JACKSON
CLERK OF COURT BFT CNTY, SC

RECORDED THIS 10th DAY OF September 1985 IN BOOK 9 PAGE 968 FEES $ Mary Ann Gray/SD AUDITOR BEAUFORT COUNTY S.C.